An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Appellant,<br>vs.<br>JP MORGAN CHASE BANK, N.A., A NATIONAL ASSOCIATION,<br>Respondent. | No. 64562<br><br>**FILED**<br><br>NOV 2 0 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order, certified as final under NRCP 54(b), granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

The district court granted respondent's motion to dismiss, finding that appellant had failed to state a viable claim for relief because "NRS 116.3116(2) does not permit extinguishment of a deed of trust lien by virtue of a nonjudicial HOA sale when the notice of assessment lien giving rise to the HOA sale is recorded after recordation of the deed of trust lien." This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decision thus was based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

14-38319

REVERSE the order granting the motion to dismiss AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Saitta

PARRAGUIRRE, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Parraguirre

cc:     Hon. Ronald J. Israel, District Judge
        Howard Kim & Associates
        Smith Larsen & Wixom
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A